# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff | : |
| v. | : Criminal Action No. 20-48-UNA |
| SUSAN DIFELICE, | : |
| Defendant. | : |



AUG 1 3 2020

## INDICTMENT

The Grand Jury for the District of Delaware charges that:

## GENERAL ALLEGATIONS

1. The Social Security Administration ("SSA"), an agency of the United States, administers certain government benefit programs, including the Retirement and Survivor's Insurance ("RSI") benefit program, pursuant to Title 42, United States Code, Sections 401-433.

2. The RSI program was an earned-right program funded through Social Security wage taxes. When an individual worked, that individual paid taxes on his or her wages into the Social Security trust fund. If that individual paid sufficient Social Security taxes during the time of employment, he or she was eligible to receive retirement benefits upon reaching a certain age. Benefits eligibility and payment amounts were determined based on the age of the beneficiary at retirement and the average salary and number of years of employment.

3. Beginning in or around 2005, Defendant SUSAN DIFELICE acted as a caretaker for an individual identified as R.G. in this Indictment. R.G. was born in 1935 and began collecting RSI benefits in 1997 based on his earnings record.

4. At all times relevant to this Indictment, R.G.'s benefits were paid by direct deposit into a PNC checking account ending in 3049 (the "PNC account"), on which DIFELICE was a joint account holder.

5. R.G. died on or about April 8, 2005. Upon R.G.'s death, no individual was entitled to continue to receive R.G.'s RSI benefits.

6. SSA was not aware of R.G.'s death. Thus, between in or around April 2005 and in or around December 2019, SSA continued to make monthly payments of R.G.'s RSI benefits into the PNC account.

7. After R.G. died in April 2005, DIFELICE continued to access the RSI funds in the PNC account every month. At all times relevant to this Indictment, SSA deposited R.G.'s RSI benefits into the PNC account by wire deposit. Each month, DIFELICE wrote checks and made electronic payments to various companies for bills owed by DIFELICE and unrelated to R.G., such as credit card and utility payments. At the time SSA suspended the RSI benefits in 2019, SSA had paid a total of approximately $220,040 in unauthorized benefits after R.G.'s death.

8. Despite knowing that she should have reported R.G.'s death to the SSA and was not entitled to R.G.'s RSI funds, DIFELICE never notified SSA of R.G.'s death and continued to convert the funds to her own benefit and use.

## COUNT ONE

### (Theft of Government Funds, 18 U.S.C. § 641)

On or about September 16, 2015, and continuing to on or about October 16, 2015, in the District of Delaware, the defendant SUSAN DIFELICE, did willfully and knowingly steal, purloin, and convert to her own use money belonging to the United States and a department and agency thereof, in a total amount greater than $1,000, namely, Social Security benefits intended for R.G.,

to which defendant DIFELICE knew she was not entitled, in violation of 18 U.S.C. § 641.

## COUNT TWO

### (Theft of Government Funds, 18 U.S.C. § 641)

On or about March 16, 2016, continuing to on or about April 16, 2016, in the District of Delaware, the defendant SUSAN DIFELICE, did willfully and knowingly steal, purloin, and convert to her own use money belonging to the United States and a department and agency thereof, in a total amount greater than $1,000, namely, Social Security benefits intended for R.G., to which defendant DIFELICE knew she was not entitled, in violation of 18 U.S.C. § 641.

## COUNT THREE

### (Theft of Government Funds, 18 U.S.C. § 641)

On or about October 18, 2017, and continuing to on or about November 18, 2017, in the District of Delaware, the defendant SUSAN DIFELICE, did willfully and knowingly steal, purloin, and convert to her own use money belonging to the United States and a department and agency thereof, in a total amount greater than $1,000, namely, Social Security benefits intended for R.G., to which defendant DIFELICE knew she was not entitled, in violation of 18 U.S.C. § 641.

## COUNT FOUR

### (Theft of Government Funds, 18 U.S.C. § 641)

On or about March 21, 2018, and continuing to on or about April 21, 2018, in the District of Delaware, the defendant SUSAN DIFELICE, did willfully and knowingly steal, purloin, and convert to her own use money belonging to the United States and a department and agency thereof, in a total amount greater than $1,000, namely, Social Security benefits intended for R.G., to which defendant DIFELICE knew she was not entitled, in violation of 18 U.S.C. § 641.

## COUNT FIVE

### (Theft of Government Funds, 18 U.S.C. § 641)

On or about June 19, 2019, and continuing to on or about July 19, 2019, in the District of Delaware, the defendant SUSAN DIFELICE, did willfully and knowingly steal, purloin, and convert to her own use money belonging to the United States and a department and agency thereof, in a total amount greater than $1,000, namely, Social Security benefits intended for R.G., to which defendant DIFELICE knew she was not entitled, in violation of 18 U.S.C. § 641.

## NOTICE OF FORFEITURE

Upon conviction of any Count of this Indictment, SUSAN DIFELICE, defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461, any property constituting or derived from proceeds obtained directly or indirectly as a result of the commission of the said violation.

If any of the forfeitable property described above, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third party;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C § 853(p) to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL

_____
FOREPERSON

DAVID C. WEISS
UNITED STATES ATTORNEY

By: _____
Christopher R. Howland
Assistant United States Attorney

Dated:

5